# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
STEVE H. MITCHELL,            *   No. 14-401V
                              *   Special Master Christian J. Moran
         Petitioner,          *
                              *
v.                            *   Filed: December 21, 2015
                              *
SECRETARY OF HEALTH           *   Decision on the record; insufficient
AND HUMAN SERVICES,           *   proof of causation; peripheral neuropathy;
                              *   tetanus vaccine
         Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Diana S. Sedar, Sarasota, FL, for petitioner;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION [1]

Steve Mitchell filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), on May 9, 2014. His petition alleged that he had an adverse reaction, including peripheral polyneuropathy, resulting from the receipt of the tetanus vaccine administered to him on May 21, 2012. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

A scheduling order was filed on May 16, 2014. This scheduling order suspended the deadline for the respondent's Rule 4 report, and petitioner was ordered to continue collecting his medical records. On July 18, 2014, petitioner filed a statement of completion regarding the filing of his medical records, as required by 42 U.S.C. § 300aa-11(c) and Vaccine Rule 2(c)(2)(A). A status conference was then held on October 27,

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

2014, during which petitioner was ordered to provide a status report on any demand made to respondent, his progress obtaining an expert witness, and a proposed deadline for his expert report.

Petitioner filed this status report on December 3, 2014, and indicated that he was gathering information to determine damages for his demand, and that he was continuing efforts to retain an expert. The undersigned set a March 3, 2015 deadline for petitioner's expert report. A January 5, 2015 status report reiterated that petitioner was gathering information for his demand, and continuing efforts to retain an expert.

On January 21, 2015, petitioner filed a status report stating a demand had been submitted to respondent, and that efforts were ongoing to obtain an expert. Petitioner proposed an extended expert report deadline of March 23, 2015. A status conference was held on January 23, 2015, and the resulting scheduling order required respondent to file a status report regarding settlement by February 24, 2015, and petitioner to file his expert report by March 24, 2015. Respondent's February 24, 2015 status report stated that respondent intended to defend the claim and did not think further settlement discussions would be productive.

On April 8, 2015, another status conference was held. At this status conference petitioner reported retaining a neurologist and immunologist, and requested an additional sixty days to file his expert reports. The undersigned set a June 9, 2015 deadline for petitioner's expert reports. On June 9, 2015, petitioner motioned for an extension of time to submit his expert report. On June 12, 2015, this motion was granted, extending petitioner's deadline to August 10, 2015. On August 10, 2015, petitioner again filed a motion for extension of time. This was also granted, extending petitioner's deadline to September 9, 2015. On September 9, 2015, petitioner again filed a motion for extension of time. This was also granted, extending petitioner's deadline to October 9, 2015.

On October 9, 2015, petitioner filed a motion for a decision on the record, noting they would not be filing a medical expert opinion. In informal communications with respondent, respondent indicated that she would not file a response and will rest on her Rule 4 report. Accordingly, this case is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that Mr. Mitchell suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Mr. Mitchell suffered a "Table Injury." Thus, he is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support Mr. Mitchell's claim, a medical opinion must be offered in support. Mr. Mitchell, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Mr. Mitchell has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

IT IS SO ORDERED.

<u>S/Christian J. Moran</u>
Christian J. Moran
Special Master